J-S31006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANE RONALD VENSEL | |
| Appellant | No. 685 WDA 2016 |

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001315-2015

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                        **FILED JUNE 9, 2017**

Appellant, Shane Ronald Vensel, appeals from the judgment of sentence entered in the Butler County Court of Common Pleas following his conviction for driving under the influence of alcohol ("DUI") and related offenses. Vensel contends that the suppression court erred in concluding that the arresting officer had reasonable suspicion when she conducted a traffic stop of Vensel's vehicle. After careful review, we affirm.

The relevant facts and procedural history are as follows. On May 6, 2015, following a traffic stop, Vensel was charged through the filing of a criminal complaint with DUI-general impairment,[1] DUI-highest rate,[2] driving

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A § 3802(c).

on roadways laned for traffic,[3] careless driving,[4] and vehicular hazard signal lamps.[5] Vensel filed a motion to suppress. The court held a suppression hearing.

At the hearing, the Commonwealth presented the testimony of Pennsylvania State Police Trooper Jennifer Cantella. At approximately 2:20 a.m. on May 6, 2015, Trooper Cantella and Pennsylvania State Police Trooper Nathan Brown were patrolling State Route 8 in Center Township when they observed a white Volkswagen Jetta cross over the fog line in order to make a wide left turn onto State Route 8. **See** N.T., Suppression Hearing, 10/27/15, at 4-5. Trooper Cantella testified that the area of State Route 8 where the Jetta turned is several feet wide and, as such, the Jetta was not in danger of hitting any objects at the time of the turn. **See id.**, at 11. Further, there were no other vehicles on the road when Trooper Cantella encountered the Jetta. **See id.**, at 12. Following the turn, the Jetta corrected itself and returned to a lane of travel. **See id.**, at 11-12.

Trooper Cantella proceeded to follow the Jetta and observed it touch the center yellow lines with its left tires. **See id.**, at 5-6, 13-14. The troopers continued to follow the Jetta for approximately a mile and observed it

---

[3] 75 Pa.C.S.A. § 3309(1).

[4] 75 Pa.C.S.A. § 3714(a).

[5] 75 Pa.C.S.A. § 4305(a).

"weaving back and forth" and touching the centerline with its left tires two more times. *Id*. Based upon these circumstances, and Trooper Cantella's belief that the operator of the Jetta may be driving under the influence, the troopers executed a traffic stop. *See id*., at 7, 19. The troopers identified Vensel as the driver of the Jetta. *See id*., at 3-4.

In addition to Trooper Cantella's testimony, the Commonwealth also presented the motor vehicle recording ("MVR") of the traffic stop into evidence. *See id*., at 17. Due to the grainy quality of the video, Trooper Cantella explained that the MVR does not show the weaving behavior as clearly as she personally witnessed the event. *See id*., at 18. However, on cross-examination, Trooper Cantella admitted that the weaving she witnessed could have been explained as a tired or inattentive driver, or someone changing the radio station. *See id*., at 20-21. Vensel did not testify at the suppression hearing, or present any additional evidence.

The suppression court denied Cantella's suppression motion, stating that Trooper Cantella had the necessary "reasonable suspicion" to perform the traffic stop, and thus, all evidence collected from the stop was admissible. The parties proceeded to a bench trial. Following the presentation of evidence, the trial court convicted Vensel of all charges. Vensel received a sentence of sixty months of intermediate punishment. This timely appeal follows.

On appeal, Vensel contends that the suppression court erred in denying his pre-trial motion to suppress. *See* Appellant's Brief, at 8.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Eichinger**, 915 A.2d 1122, 1134 (Pa. 2007) (citation omitted). Additionally, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." **Commonwealth v. Elmobdy**, 823 A.2d 180, 183 (Pa. Super. 2003) (citations omitted).

Vensel's sole issue concerns the quantum of cause required in order for state law enforcement to stop a vehicle for an alleged violation of the Vehicle Code. Specifically, Vensel contends that Trooper Cantella did not have the reasonable suspicion necessary to perform the underlying traffic stop, and as such, all evidence collected from the traffic stop should have been suppressed. **See** Appellant's Brief, at 8, 12-19.

Here, the record supports the suppression court's factual findings. Thus, we proceed to review the court's legal conclusion, that the troopers possessed reasonable suspicion, for which our standard of review is *de novo*.

*See Commonwealth v. Wilson*, 101 A.3d 1151, 1153 (Pa. Super. 2014),

*appeal denied*, 121 A.3d 496 (Pa. 2015).

The quantum of proof necessary to make a vehicle stop on suspicion of

a violation of the motor vehicle code is governed by 75 Pa.C.S.A. § 6308(b),

which states:

> **(b) Authority of police officer.**- Whenever a police officer is engaged in a systematic program of checking vehicles or drivers *or has reasonable suspicion that a violation of this titles is occurring or has occurred*, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

(emphasis supplied).

Traffic stops based upon suspicion of a violation of the motor vehicle

code under § 6308(b) "must serve a stated investigatory purpose."

*Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en*

*banc*).

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, 'it is [i]ncumbent upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.'

*Id*. (emphasis and citation omitted). Suspicion of DUI has been held to serve

a stated investigatory purpose, and thus, a traffic stop based upon a

suspected DUI must only be supported by reasonable suspicion. *See Commonwealth v. Sands*, 887 A.2d 261, 270 (Pa. Super. 2005).

Here, the suppression court concluded that Trooper Canella was entitled to use the reasonable suspicion standard as an "objectively reasonable police officer would have suspected that [Vensel] was driving under the influence." Suppression Court Opinion, 10/30/15, at 4.

As noted, Trooper Canella testified that she observed Vensel, in the early morning hours, make a wide left turn onto State Road 8 and cross a fog line. *See* N.T., Suppression Hearing, 10/27/15, at 4-5. Following this turn, Trooper Canella observed Vensel's Jetta "weav[e] back and forth" and encroach upon the yellow centerline three times in less than a mile. *Id*., at 5-6, 13-14.

These circumstances provided Trooper Canella with sufficient reasonable suspicion to investigate whether Vensel was intoxicated while driving. *See Sands*, 887 A.2d at 272 (stating that police officer had reasonable suspicion to perform traffic stop to investigate suspected DUI where vehicle spotted weaving early in the morning and crossing the fog line three times). Thus, Vensel's issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017